Osmun *v* Porter.

---

### Elizabeth A. Osmun

*v.*

### Ruth P. C. Porter.

After directing that his debts be paid, and making a specific devise, a testator gave the "balance and residue" of his estate to his wife, declaring that that gift to her was in lieu of her dower. In the settlement of the estate, and the payment of testator's debts, all his personal estate was exhausted, and all his lands, other than those specifically devised, sold, by order of the orphans court. —*Held,* that his widow was not deprived of her right of dower in those other lands by her failure to file her dissent to the devise to her within the time limited by the statute.

Bill for dower. On final hearing on pleadings and proofs.

*Mr. John Linn,* for complainant.

*Mr. J. G. Shipman,* for defendant.

THE CHANCELLOR.

The complainant, Elizabeth A. Osmun, widow of Eli W. Osmun, deceased, files her bill for dower in real property—a house and lot called the Hackettstown Gazette property, in Hackettstown, of which her husband died seized. By his will, after directing that his debts be paid, he gave to his mother $1,000 and a house and lot in Willow Grove street, in Hackettstown, for life, with limitation over to his father if he should survive her, and remainder to his own children in fee, and then gave the "balance and residue" of his estate to his wife, declaring that that gift to her was in lieu of dower. He died November 19th, 1877. The complainant, supposing that the residue would be of very considerable value, did not decline to accept the provision in lieu of her dower. In the settlement of the estate it became necessary, in order to pay the debts, to sell all the real estate not specifically devised, and there is no balance or residue for her. She, in fact, receives nothing under the will. She and her husband's father were appointed executors. Both proved the will, and they nominally acted together (but the business seems to have been done by him, she being unacquainted with such matters), until they were both discharged, on their own petition, on the 18th of February, 1879, and an administrator with the will annexed, appointed. She, on the 7th of October, 1878, filed a petition against her co-executor, alleging that he had had all the funds of the estate and she none; that he was, as she had been informed, using the funds for his private purposes; that he was insolvent; that he had advertised the real estate for sale in his and her names, but without her consent, and that the estate was in danger of being wasted in his hands, and she therefore prayed that he might be required to give security.

Under the petition he was cited to account. In December term, 1878, they were, on their own petition, both discharged, as before mentioned. The complainant accounted. There was a

Osmun *v.* Porter.

balance of $49.80 against her, which she paid to the administra-tor. Her co-executor also accounted, and there was a balance against him of $636.02, which he paid to the administrator. On the final settlement by the latter there was a balance in favor of the estate of between $200 and $300, which was paid over to the testator's mother on account of her legacy. The property in which the complainant claims dower was sold by the administra-tor, under the order of the orphans court of Warren county, to the defendant, December 1st, 1879, for $3,151, subject to two mortgages thereon. The defendant insists that the complainant is barred of any claim of dower in it, because she did not decline to receive the gift of residue in the will in lieu of dower, and also because there was, as the defendant alleges, a balance or residue of the estate which was wasted by the mismanagement of the executors, or one of them. As to the first defence : It is provided by statute that if a husband devise to his wife, by will duly executed to pass real estate, any lands or real estate for her life or otherwise, and without expressing whether such devise is intended to be in lieu or bar of dower or not, and she survives him, she shall not be entitled to dower in any land or real estate devised by him, unless she shall, in writing, dissent to receive the lands or real estate so devised to her in satisfaction and bar of her right of dower in the other lands and real estate devised in and by the will, and file the dissent with the surrogate of the county in which she resides, or in which the lands or real estate devised to her shall be situated, within six months after the pro-bate of the will, and in that case she shall be considered as re-nouncing the benefit of the devise to her. *Rev. p. 322* § *16.* It has been held that, in such case, although the widow has not expressed her dissent within the time limited, if she be subse-quently evicted from the devised premises, without her fault, by title paramount, or legal sale for the testator's debts, she will not be barred of her dower. *Thompson* v. *Egbert, 2 Harr. 459.*

It will be seen that what the statute deals with is the right to dower *in other lands devised by the will.* It was held in the case just cited that it would not be lost by failure to dissent within the specified time if it should afterwards turn out that the pro-

vision made in lieu of dower had failed. The ground of the decision is, that it must be held that the testator did not intend that, under such circumstances, the widow should be barred of her dower. That is, that it must be held that he intended that she should have the land devised to her in lieu of her dower, and that in consideration of receiving that provision she should be barred, and that it cannot be supposed that he intended that she should lose her dower if that provision should fail without fault on her part by the successful assertion of paramount title, or through sale for the payment of his debts. In the case in hand the question is, not whether the widow shall have her dower *in any other land devised*, but whether she shall have it in *the very land devised to her in lieu of dower* when that land is sold away to pay his debts. There is obviously no ground for denying her right.

The second ground of defence is, that the complainant and her co-executor, or one of them, have wasted the estate. There is no evidence to support this charge. Both executors have accounted, and their accounts have been duly passed with the result before mentioned in reference to the balances thereupon, which, as before stated, they have paid. The sale was, as already stated, made by the administrator under an order of the orphans court. The purchaser had notice, in fact, before the sale was confirmed, of the existence of the complainant's claim of dower. Her attorney, who attended the sale and bought the property for her, called upon the complainant in reference to it, and, according to his own testimony, on her saying that she intended to claim whatever rights she might have in the property, threatened to file a bill in this court immediately, to quiet the title. According to Mr. Johnson's testimony, he said that if she claimed dower he proposed to go to the chancellor and get the sale set aside, or get an order from the chancellor for the payment of her dower out of the money of the estate.

The administrator testifies that the attorney asked him to notify him of the time when he was going to ask the orphans court to confirm the sale, so that he might have an opportunity to object to the confirmation, on the ground that the widow had

a dower right in the property.  But the purchaser neither opposed the confirmation (although she had opportunity to do so), nor took any proceedings in this court.

The property, according to the evidence, is and was, when the sale took place, worth about $10,000.  It was struck off to the defendant at $3,151, the complainant's father having bid $3,050. It consists of two parcels, one fifty feet wide and the other five. The former parcel was subject to two mortgages (both given by the testator and the complainant), one for $1,500 of principal, and the other apparently now for $2,000 of principal, although the answer says that $1,600 of principal have been paid upon it (it was originally for $3,500)—altogether $3,500 of principal. There does not appear to have been any encumbrance on the five feet.  The defendant has obtained an assignment of those mortgages with the intention (according to her answer) of keeping them alive for the purpose of protecting her title against the complainant's claim.

No offer to redeem was made before the suit was brought, but in the course of the testimony an offer was made, on behalf of the complainant, to take the property off the defendant's hands at the price she paid for it, including of course what she paid for the mortgages, with interest, after a proper accounting in respect to the rents.

The sale took place, as before stated, December 1st, 1879.  It was confirmed on the 22d of that month, and the conveyance by the administrator to the defendant was made January 2d, 1880. The bill was filed April 23d, 1880.  One of the mortgages was acquired by the defendant March 25th, 1880, before the beginning of the suit, and the other May 3d, 1880, after the filing of the bill and after the service of the subpœna to answer.

The complainant is entitled to dower in the property from the date of the administrator's deed, but must contribute her due proportion to the payment of the mortgage encumbrances, which will be a sum of money bearing the same proportion to the amount of those encumbrances that the value of her life estate in one-third of the property bears to the value of the whole property.  *Chiswell* v. *Morris, 1 McCart. 101.*

10

I am unable to find any evidence that the complainant made any demand of her dower before bringing suit. She alleges in her bill that she made one, but the defendant denies it. The latter, however, has put in as an exhibit, on her part (but without any proof whatever in reference to it), what purports to be a written demand of dower by the complainant. It is a simple demand of dower in the property, not accompanied by any offer to contribute to the discharge of the mortgages. Each party will pay her own costs.